UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRANDON DAVIS,  Case No.

         Plaintiff,

v.

RYAN COX,

         Defendant.

---

DAILEY LAW FIRM, P.C.
BRIAN T. DAILEY (P39945)
ROD M. JOHNSTON (P80337)
Attorneys for Plaintiff
63 Kercheval Avenue, Suite 215
Grosse Pointe Farms, MI 48236
Phone: (313) 640-1111
Fax: (313) 640-9999
Briandailey@daileylawyers.com
rod@daileylawyers.com

---

## COMPLAINT AND JURY REQUEST

NOW COMES Plaintiff, by and through his Attorneys, the DAILEY LAW FIRM, PC, and hereby complains as follows:

## INTRODUCTION

1. This Complaint is brought to address violations and injuries stemming from the unlawful, illegal, unreasonable, and completely inappropriate behavior of Michigan Department of Natural Resources Officer Ryan Cox ("Cox") based upon Officer Cox's shooting the plaintiff with a firearm on or about May 13, 2023 at Merrill-Gorrel County Park in Barryton, Mecosta County, Michigan.

2. There was a physical altercation between plaintiff and the defendant's father, David Joseph Cox at the Campground on May 13, 2023.

1

3. Initial investigation reveals, David Cox grabbed and pushed the plaintiff who in response employed defensive tactics in self defense.

4. In response, Defendant Ryan Cox identified himself as a Department of Natural Resources conservation officer and without justification and without qualified immunity discharged his firearm and shot the plaintiff causing life threatening and permanent physical injuries.

5. Prior to discharging his firearm, several witnesses heard the defendant announce he was a Michigan Department of Natural Resources Conservation Officer.

6. Plaintiff's constitutional rights were violated when Officer Cox used violent and excessive force against Plaintiff by shooting him with a firearm and causing grievous injuries and life-long injuries and damages.

7. The Defendant's misdeeds and unlawful conduct, including the use of completely unreasonable force against Plaintiff, both violated Plaintiff's rights and also caused Plaintiff to suffer various physical and mental injuries, including loss of a kidney, permanent intestinal injuries, permanent spinal injuries, colostomy bag, loss of Plaintiff's freedom, loss of income, astronomical medical expenses including future medical expenses, emotional injuries, including humiliation, and other non-economic losses.

## PARTIES AND JURISDICTION

8. Plaintiff hereby incorporates and references Paragraphs 1 through 7 as though fully set forth herein and further alleges:

9. Plaintiff Brandon Davis was a resident of Mount Pleasant, Michigan at all times material to this action.

10. On information and belief, Defendant Officer Cox was a resident of Cadillac, Michigan at all times material to this action.

11. On information and belief, Defendant Officer Cox was a Law Enforcement Officer with and employed by the Michigan State Department of Natural Resources at all times material to this action.

12. Defendant Cox was acting under color of state law when he shot and grievously injured, threatened, intimidated, violated, and otherwise caused the injuries suffered by Plaintiff. As such, Defendant Cox is being sued in his individual, as well as his official capacity.

13. All events material to this action occurred in Mecosta County, Michigan on or about May 13, 2023.

14. Jurisdiction is proper in this Court because this action is brought pursuant to claims arising under 42 U.S.C. § 1983 alleging violations of Plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution (federal question jurisdiction, 28 U.S.C. § 1331). Plaintiff is also alleging claims arising under the laws of the State of Michigan (supplemental and/or pendant jurisdiction, 28 U.S.C.A. § 1367).

15. The amount in controversy is also far in excess of Seventy-Five Thousand Dollars ($75,000.00) and Plaintiff is seeking damages in the amount of $250,000,000.00.

**FACTUAL BACKGROUND**

16. Plaintiff hereby incorporates and references Paragraphs 1 through 15 as though fully set forth herein and further alleges:

17. On May 13, 2023, there was a physical altercation between plaintiff and the defendant's father, David Joseph Cox at the at Merrill-Gorrel County Park in Barryton, Mecosta County, Michigan.

18. Investigation reveals David Cox grabbed the plaintiff by the arm and pushed him in the back thereby initiating the altercation and doing so without cause of justification.

19. In response, plaintiff employed self-defensive measures and defended himself against the unprovoked assault upon him by David Cox.

20. Defendant Ryan Cox then intervened and identified himself as a Michigan Department of Natural Resources Conservation Officer and he then discharged his firearm several times shooting the plaintiff causing life threatening and permanent physical injuries.

21. Prior to discharging his firearm, several witnesses heard the defendant announce he was a Michigan Department of Natural Resources Conservation Officer.

22. Defendant Cox was acting under color of state law when he shot and grievously injured, threatened, intimidated, violated, and otherwise caused the injuries suffered by Plaintiff.  As such, Defendant Cox is being sued in his individual, as well as his official capacity.

## COUNT I
## EXCESSIVE FORCE – 42 U.S.C. § 1983

23. Plaintiff hereby incorporates and references Paragraphs 1 through 22 as though fully set forth herein and further alleges:

24. At all relevant times, Plaintiff had a right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free of any unlawful and excessive force, or the use of unreasonable force against his body.

25. At all relevant times, Plaintiff had a right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and right to medical care and protection.

26. At all relevant times, Plaintiff had a right to fair and equal treatment and protection of the law guaranteed by the Equal Protection Clause of the Fourteenth Amendment.

27. Under color of state law, Defendant Officer Cox deprived Plaintiff of his constitutional rights when he shot him with his firearm causing him life threatening, grievous, and permanent injuries, and economic and non-economic damages.

28. At all relevant times, Defendant Cox acted within the course and scope of his employment with the Michigan Department of Natural Resources and under color of law.

29. In light of the facts and circumstances confronting Defendant Cox, Defendant Cox's actions were not objectively reasonable given the low severity of any potential crime at issue and because Plaintiff posed absolutely no immediate danger to the officers and also did not attempt to resist or flee in any manner.

30. In addition, all of the above actions violated Plaintiff's right to be free from such unlawful violations of his constitutional rights, including but not limited to, the Fourth and Fourteenth Amendments of the United States Constitution.

31. So established are the above rights that no reasonable officer or official could possibly not know that the shooting of an unarmed civilian was wrong and violated Plaintiff's constitutional rights as a citizen and as a human being – both of which were ignored by Defendant in effectuating his design to deprive Plaintiff of same.

32. Thus, Defendant Cox is in no way entitled to qualified immunity.

33. Excessive and deadly force was used when Defendant Cox shot the plaintiff with his firearm when plaintiff was unarmed and presented no danger or threat to defendant or others,

34. Defendant Cox's actions constitute an unjustifiable and excessive use of force without legal justification.

35. Defendant Cox actions were deliberately indifferent, reckless, wanton, and deprived Plaintiff of his civil rights, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and through 42 U.S.C. § 1983.

36. Faced with the circumstances present at the aforementioned time and place, a reasonably prudent law enforcement officer/personnel would or should have known that the uses of force described herein violated Plaintiff's clearly established Fourth Amendment rights to be free from excessive force under 42 USC 1983.

37. The actions of the Defendant were committed maliciously and/or in an unreasonable, wanton and/or reckless manner.

38. Defendants' actions were performed under color of law and deprived Plaintiff of federally protected rights in violation of 42 U.S.C. § 1983.

39. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff suffered physical injuries, emotional distress, economic damages and non-economic damages.

## **COUNT III - GROSS NEGLIGENCE**

40. Plaintiff hereby incorporates and references Paragraphs 1 through 39 as though fully set forth herein and further alleges:

41. Defendant Officer Cox acted grossly negligent by shooting the plaintiff with his firearm.

42. Such behavior by Defendant Cox was so reckless as to demonstrate a substantial lack of concern as to whether a serious injury against Plaintiff would, and ultimately did, result.

43. Defendant Cox's behavior amounted to gross negligence.

44. Defendant Cox's misconduct complained of herein included his duty to perform his employment activities so as not to endanger or cause harm to Plaintiff.

45. Notwithstanding these duties, Defendant Cox breached his duties with deliberate indifference and gross negligence and without regard to Plaintiff's rights.

46. Defendant Cox's gross negligence and/or failure to exercise reasonable care was reckless and amounted to gross negligence, which was the proximate and direct cause of Plaintiff's considerable injuries and damages.

47. Defendant Cox was acting under color of state law when he shot and grievously injured, threatened, intimidated, violated, and otherwise caused the injuries suffered by Plaintiff.  As such, Defendant Cox is being sued in his individual, as well as his official capacity.

## COUNT IV
## ASSAULT & BATTERY

48. Plaintiff hereby incorporates and references Paragraphs 1 through 43 as though fully set forth herein and further alleges:

49. Plaintiff was unarmed and presented no threat to the defendant or any other person when Defendant Cox discharged his service firearm and shot the plaintiff causing great bodily harm.

50. At all relevant times, Defendant Cox acted within the course and scope of his employment with the Michigan Department of Natural Resources.

51. No ordinarily prudent and intelligent person would have deemed such force necessary.

52. The acts and omissions of Defendant Cox constitute assault and battery, as well as willful, wanton, intentional, malicious and reckless conduct under the law of the State of Michigan.

53. Defendant Cox was acting under color of state law when he shot and grievously injured, threatened, intimidated, violated, and otherwise caused the injuries suffered by Plaintiff. As such, Defendant Cox is being sued in his individual, as well as his official capacity.

54. As a direct and proximate result of the Defendant Cox's assault and battery, Plaintiff sustained physical injuries and emotional distress.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff hereby incorporates and references Paragraphs 1 through 50 as though fully set forth herein and further alleges:

56. Through his unreasonable, unlawful, illegal, and unconstitutional behavior, Defendant Cox, did intend to cause Plaintiff severe emotional distress or acted with such a callous disregard of Plaintiff's emotional well-being that Defendant Cox should have known that it would cause serious emotional distress to Plaintiff.

57. As a direct and proximate cause of Defendant Cox's actions, omissions, violations, use of excessive force Plaintiff did suffer severe emotional distress, which is corroborated by Plaintiff's neuropsychologist.

58. Plaintiff's damages thereto include, but are not limited to, economic and noneconomic damages, past and future medical expenses, and all other common and statutory damages allowed under the circumstances, including punitive damages for such malicious and hurtful actions by Defendants.

## DAMAGES REQUESTED

**WHEREFORE,** Plaintiff prays for Judgment and Relief for the considerable damage he has sustained at the hands of Defendant and due to Defendant's actions, inaction, omissions, violations, se of excessive force, assault and battery, constitutional violations, and other wrongdoings, all of which were the direct and proximate cause of Plaintiff's significant and permanent injuries, including, but not limited to, economic damages, loss of earnings, loss of earning capacity, past and future medical expense, attorney fees, costs, interest, non-economic damages, including Plaintiff's significant shock, humiliation, embarrassment, discomfort, pain, suffering, and any other damages allowed under the common and statutory law of the State of Michigan and of the United States District Court for the Eastern District of Michigan, along with exemplary and/or punitive damages, including the following:

a. Economic Damages, including loss of earnings, earning capacity, and all past and future medical expenses;

b. Non-Economic Damages, including physical and mental pain and suffering, and all of those allowed under state or federal common law, statutory law, or otherwise;

c. Compensatory Damages;

d. Consequential Damages;

e. Exemplary Damages – By engaging in the above tortious conduct and statutory or

9

constitutional violations, and through Defendant Cox's malicious, reckless, and wanton conduct towards Plaintiff, all of which caused Plaintiff to suffer humiliation, outrage, indignity, and embarrassment;

f. Punitive Damages due to Defendant Cox's willful, malicious, and unconstitutional actions;

g. A judgment in excess of $250,000,000.00.

h. Attorney fees, where applicable;

i. Costs and interest;

j. Compensatory and punitive damages, plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988; and

k. Any and all other relief that this Honorable Court deems equitable, necessary, and just under the circumstances and that would fully compensate Plaintiff for the horrific events he experienced, including ensuring, as this Court sees fit, that no other individual should again undergo such treatment as Plaintiff did at the vile hands of Defendants.  Never again.

        Respectfully Submitted,

        **DAILEY LAW FIRM, P.C.**

        */s/ Brian T. Dailey*

        BRIAN T. DAILEY (P39945)
        Attorneys for Plaintiff
        63 Kercheval Avenue, Suite 215
        Grosse Pointe Farms, MI 48236
        Phone: (313) 640-1111
        Fax: (313) 640-9999
        Briandailey@daileylawyers.com

## JURY REQUEST

Plaintiff, by and through his attorney, Dailey Law Firm, P.C., hereby requests a trial by jury.

Respectfully Submitted,

**DAILEY LAW FIRM, P.C.**

*/s/ Brian T. Dailey*

BRIAN T. DAILEY (P39945)
Attorneys for Plaintiff
63 Kercheval Avenue, Suite 215
Grosse Pointe Farms, MI 48236
Phone: (313) 640-1111
Fax: (313) 640-9999
Briandailey@daileylawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system.

By: /s/ Brian Dailey
BRIAN T. DAILEY (P39945)