UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DAVIS,

    Plaintiff,

v

RYAN COX,

    Defendant.

No. 1:23-cv-00576-JMB-RSK

HON. JANE M. BECKERING

MAG. RAY KENT

_____

| | |
|---|---|
| Brian T. Dailey (P39945) | Daniel P. Bock (P71246) |
| Dailey Trial Lawyers, P.C. | Luanne Laemmerman (P64588) |
| Attorney for Plaintiff | Assistant Attorneys General |
| 77 Oxford Road | Attorneys for Defendant |
| Grosse Pointe Shores, MI 48236 | Environment, Natural Resources, |
| T: (313) 640-1111 | and Agriculture Division |
| F: (313) 640-9999 | P.O. Box 30755 |
| brian@daileytriallawyers.com | Lansing, MI 48909 |
| | (517) 335-7664 |
| | Bockd@michigan.gov |
| | LaemmermanL1@michigan.gov |

_____/

**RULE 16 JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for November 8, 2023, at 2:30 p.m., before Hon. Jane M. Beckering. Appearing for the parties as counsel will be:

| | |
|---|---|
| Brian T. Dailey (P39945) | Daniel P. Bock (P71246) |
| Dailey Trial Lawyers, P.C. | Luanne Laemmerman (P64588) |
| Attorney for Plaintiff | Assistant Attorneys General |
| | Attorneys for Defendant |

    1.    <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

**Plaintiff's Statement**: This Honorable Court has jurisdiction over this case for the reason it is based upon claims under 42 USC 1983 violation civil rights when Department of Natural Resources Agent Ryan Cox used excessive force against Plaintiff by shooting him while he was in his official capacity as a DNR Agent and acting under the color of State Law in manner that violated clearly established constitution rights of the Plaintiff including those rights under the 4th and 14th amendments to the United States Constitution.

Plaintiff has also stated state law claims including gross negligence, assault & battery and intentional infliction of emotional distress. This Honorable Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 USC 1367(a). See also *United Mine Workers of America v. Gibbs*, 383 U.S. 715; 86 Supreme Court 1130 (1966) for the proposition that the Federal Court could exercise pendent jurisdiction when the state and federal claims "derive from a common nucleus of operative fact."

All of Plaintiff's state law claims arise from the very same incident from which arose his constitutional claims for which he seeks damages and remedies under 42 USC 1983.

**Defendant's Statement**: Plaintiff's complaint alleges counts of excessive force under 42 U.S.C. § 1983 and several state law causes of action against Defendant in both his official capacity and his individual capacities. This Court lacks subject matter jurisdiction over Plaintiff's excessive force claim against Defendant in his official capacity due to Defendant's immunity under the 11th Amendment of the U.S. Constitution. This Court has subject matter jurisdiction over Plaintiff's excessive force claim against Defendant in his personal capacity pursuant to 28 U.S.C. §1331.

While Plaintiff's complaint does not specifically allege any constitutional claims, the complaint could be construed as alleging violations of the Fourth Amendment and the Due Process and Equal Protection Clauses the Fourteenth Amendment. To the extent that this is the case, this Court has jurisdiction over Plaintiff's Federal constitutional claims against Defendant in his personal capacity pursuant to 28 U.S.C. § 1331.

2. <u>Jury or Non-Jury</u>:  This case is to be tried before a jury.

3. <u>Judicial Availability</u>:  The parties do not agree to have a United State Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:  This case involves:

**Plaintiff's Statement**: On May 13, 2023, Plaintiff was camping at the Merrill-Gorrell County Park in Mecosta County, Michigan he was assaulted by a man with whom he was not previously acquainted. This man turned out to be the father of Defendant DNR Agent Ryan Cox (RCF). It is believed but not yet confirmed that RCF was at the time retired law enforcement.

2

In response to the unprovoked assault by RCF, Plaintiff deployed reasonable self-defense tactics to stop the assault. Plaintiff then turned to the opposite direction and began to walk away from the scene of the unprovoked assault. Plaintiff was not armed at any time relevant to the facts of this case.

As Plaintiff was walking away, Defendant ran up to him deployed his firearm and without warning shot Plaintiff in the side causing him the ultimate loss of an otherwise healthy and functioning kidney. Plaintiff has been hospitalized on multiple occasions and has undergone multiple surgeries. Plaintiff has incurred staggering medical expenses and has been unable to seek gainful employment.

At the time of the shooting Plaintiff presented no threat. Defendant had no probable cause to detain or attempt to detain Plaintiff for any reason. Defendant had no probable cause nor justification for his use of deadly force and as result violated the clearly established constitutional rights enjoyed by Plaintiff.

It should be noted that the DNR immediately suspended Defendant from his duties. He remains suspended.

Plaintiff has sustained damages both economic and non-economic are still accruing. Plaintiff's damages will also include punitive damages. Plaintiff does not agree that a stay of proceedings should be imposed.

**Defendant's Statement**: On June 5, 2023, Plaintiff brought this action against Defendant alleging excessive force in violation of 42 U.S.C. §1983 and various state law claims due to an incident that occurred on May 13, 2023, between Plaintiff and Defendant where Defendant shot Plaintiff in self-defense and in defense of others. Given how soon Plaintiff filed his complaint in this matter, Defendant questions how Plaintiff could have conducted a good-faith inquiry into the May 13, 2023, incident prior to filing his complaint.

While camping with his family at a Mecosta County campground, Defendant responded to cries for help arising from a suspected domestic violence incident involving Plaintiff. As Defendant approached, followed by his father, David Joseph Cox, Plaintiff, and another individual accosted them. Defendant not only identified himself as a police officer, but also displayed his law enforcement badge. Defendant repeatedly demanded that Plaintiff and the other individual back away. Plaintiff then assaulted and battered Defendant's father, David Joseph Cox, without provocation at which time Defendant discharged his firearm twice and shot Plaintiff in self-defense and defense of others. Plaintiff's assault and battery of David

3

    Joseph Cox caused a substantial facial laceration requiring eight stitches.

    The incident giving rise to this complaint is subject to an ongoing criminal investigation.  Upon information and belief, the Mecosta County Sheriff's Office turned the criminal investigation over to the Michigan State Police, who in turn requested assistance from the Michigan Department of Attorney General, Criminal Trials and Appeals Division, in making a charging decision.  To date, a charging decision by the Attorney General's Criminal Trials and Appeals Division has not been made.

    Per DNR policy, Defendant is currently on administrative leave and is not suspended.

    It is Defendant's position that this civil action should be stayed pending resolution of the criminal investigation.  At this point, Defendant has been unable to obtain the police report due to the ongoing criminal investigation and neither party can engage in any meaningful discovery.  Moreover, it is possible that criminal charges may be brought against Plaintiff or Defendant, and Plaintiff or Defendant may invoke their Fifth Amendment right against self-incrimination.  For these reasons, Defendant will file a Motion to Stay these proceedings until any criminal proceedings are completed.

5. <u>Prospects of Settlement</u>:  The status of settlement negotiations is:

    **Plaintiff's Statement**:  Plaintiff has inquired of the Attorneys for Defendant as to the potential for productive and fruitful negotiations.  Counsel for Plaintiff has received no answer.

    **Defendant's Statement**:  Given that neither party can yet obtain any police reports or other investigation documents, both parties have been unable to conduct informal discovery.  Due to the lack of critical information related to this third-party investigation, and the fact that Plaintiff is demanding a judgment in excess of $250,000,000.00, any potential settlement is unlikely at this time.

6. <u>Pendant State Claims</u>:  This case does include pendant state claims.

    **Plaintiff's Statement**:  Plaintiff has also stated state law claims including gross negligence, assault & battery, and intentional infliction of emotional distress.  This Honorable Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 USC 1367(a).  See also *United Mine Workers of America v. Gibbs*, 383 U.S. 715; 86 Supreme

Court 1130 (1966) for the proposition that the Federal Court could exercise pendent jurisdiction when the state and federal claims "derive from a common nucleus of operative fact."

All of Plaintiff's state law claims arise from the very same incident from which arose his constitutional claims.

**Defendant's Statement**: Plaintiff's complaint contains the following pendant state claims: Count III – Gross Negligence; Count IV – Assault & Battery; and Count V – Intentional Infliction of Emotional Distress.[1] It is Defendant's position that Plaintiff's state law claims are not properly before this Court because Plaintiff failed to comply with the Michigan Court of Claims Act. Additionally, Plaintiff's state law claims are barred in whole or in part by the Michigan Governmental Tort Liability Act. As such, Defendant requests that this Court decline to exercise pendant jurisdiction over Plaintiff's state law claims. Should the Court exercise pendant jurisdiction over the state law claims, Defendant intends to bring a motion to dismiss these claims based on immunity.

7. <u>Joinder of the Parties and Amendment of Pleadings</u>:

   **Plaintiff's Statement**: Plaintiff is likely to seek to amend the complaint to state a case against RCF whom Defendant in this pleading has identified as David Joseph Cox.

   **Defendant's Statement**: Defendant does not anticipate joining any parties or amending his answer.

8. <u>Disclosures and Exchanges</u>:

   **Plaintiff's Statement**: Defendant states that any disclosures and exchanges are premature at this time.

   **Defendant's Statement**: Defendant states that any disclosures and exchanges are premature at this time because, as previously noted, Defendant has nothing to disclose to the Plaintiff. Defendant is not able to obtain copies of any police reports or other investigation documents while a charging decision is pending. Additionally, one or both parties may elect to invoke their Fifth Amendment rights against self-incrimination.

---

[1] Although Plaintiff's complaint states that it has five counts, Plaintiff did not include a Count II. Plaintiff's complaint, therefore, contains one federal claim and three state claims.

5

>   For these reasons, Defendant states that discovery in this matter should not commence until such time as the ongoing criminal investigation is resolved.

9. <u>Discovery</u>:  The parties recommend the following discovery plan:

    **Plaintiff's Statement**:  Discovery should be allowed to commence forthwith and should be allowed to continue for no less than 6 months. It is expected given the nature of this claim and the involvement of so many law enforcement agencies that Plaintiff will be required to seek compliance with reasonable discovery requests.

    **Defendant's Statement**:  As set forth in the preceding section, discovery should not commence until after Defendant's Motion to Stay is decided.  For the reasons set forth above, Defendant requests that the Court revisit discovery in this matter after any criminal charging decisions are made.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>:

    The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    **Plaintiff's Statement**:  Plaintiff believes that this is not of the kind of case that requires a formal plan for exchange storage and disclosure of electronic information.  Plaintiff believes the Federal Rules of Civil Procedure provide an adequate process for such considerations.  Plaintiff will of course follow any order entered by this Honorable Court.

    **Defendant's Statement**:  Defendant suggests that, when discovery commences, the parties utilize a file-sharing service to exchange documents produced in discovery, with all documents produced containing Bates stamps.  Defendant further agrees that, to the extent that any ESI is produced in this case, he will act reasonably to produce ESI in a format (e.g., pdf, tif and/or native format) appropriate for the type of ESI being produced.

11. <u>Assertions of Claims of Privilege or Work-Product Immunity After Production</u>:

    **Plaintiff's Statement**:  Plaintiff is not aware of and such assertions or claims at this time.

    **Defendant's Statement**: Defendant proposes the following regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after

production or have any other agreements under Fed. R. Evidence 502. Defendant requests that the Court include the following in the scheduling order:

- The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered confidential information or otherwise protected under any protective order that may be entered in this case, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.

- Any party receiving any such information or document shall return or destroy it upon request from the producing party unless the information is produced in accordance with a stipulation concerning confidentiality, in which case the party shall also comply with any applicable provisions of such stipulation regarding return or destruction of documents.  Upon receiving such a request as to specific information or documents, the receiving party shall return or destroy the information or documents to the producing party within eight (8) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.

- Disclosure of the information or document by the other party prior to such later designation as attorney-client privileged or attorney work product shall not be deemed a violation of the provisions of this Order.

- The party that inadvertently disclosed the information or document need not demonstrate that it engaged in reasonable care for this claw back provision to apply.

12. <u>Motions</u>:

    **Plaintiff's Statement**: Plaintiff is contemplating filing a motion to amend the complaint to add David Joseph Cox as a party Defendant and may at that time also seek to amend to add additional claims.

    Plaintiff opposes a blanket prohibition on discovery simply due to the potential filing of criminal charges against Defendant in this case. First, there are no criminal charges pending against Defendant at the present time.  Additionally, there are many other witnesses to all or some of the aspects of the incident against whom there are no criminal charges pending.  Due to the involvement as simply witnesses it is unlikely criminal charges will be brought.  Many of the

7

witnesses may disappear and/or their memories may fade while waiting for filing and ultimate resolution of criminal charges.  There is much work that can be completed without impacting the Defendant's right and ability to defense himself against any potential criminal charges that may arise.

Plaintiff will not oppose an order allowing a period of 6 weeks between the end of discovery and the deadline for filing dispositive motions.

**Defendant's Statement**: Defendant will file a Motion to Stay these proceedings based on the lack of access to police reports or other investigation documents as well as the potential for one or both parties asserting their Fifth Amendment rights shortly after the November 8, 2023, Rule 16 Conference.  Defendant respectfully asserts that discovery cannot commence until the Court rules on this motion.

However, if this case moves forward, the schedule should provide a minimum of six weeks between the end of discovery and the deadline to file dispositive motions.

Defendant acknowledges that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

13. <u>Alternative Dispute Resolution</u>:

    **Plaintiff's Statement**:  Plaintiff is always in favor of ADR.  It seems that ADR may be premature at this time given the lack of discovery.

    **Defendant's Statement:**  Currently, Defendant does not believe that ADR would be appropriate given the nature of the claims asserted and the relief sought.  However, Defendant is open to revisiting his position after the criminal process is concluded.

    In the interest of conserving judicial resources, Defendant acknowledges that the Court will require the parties to participate in some form of alternative Dispute Resolution.

14. <u>Length of Trial</u>:

    **Plaintiff's Statement**: Plaintiff believes that as a very rough estimate it will require 5 full trial days not including preliminary matters, instructions and jury voir dire to complete Plaintiff's proofs.

>    **Defendant's Statement**: Due to the lack of information available at this stage, Defendant cannot provide an accurate estimate of how many days of trial will be needed to put on his case.

15. <u>Electronic Document Filing System</u>:

    Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16. <u>Other</u>: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

    **Plaintiff's Statement**: Plaintiff is not aware of any special circumstances that warrant extended discovery so long as discovery can commence forthwith and is not stayed.

    **Defendant's Statement**: None, other than the concerns raised above.

Dated:  November 6, 2023                     /s/ *Brian T. Dailey* (with permission)
                                             Brian T. Dailey (P39945)
                                             Attorney for Plaintiff

Dated:  November 6, 2023                     /s/ *Luanne Laemmerman*
                                             Daniel P. Bock (P71246)
                                             Luanne Laemmerman (P64588)
                                             Attorneys for Defendant

LF:  Davis, Brandon (v Cox) (DNR) USDC-WD/AG #2023-0379956-A/Joint Status Report 2023-11-06