UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DAVIS,

    Plaintiff,

                                    No. 1:23-cv-00576-JMB-RSK

v.

                                    HON. JANE M. BECKERING

RYAN COX,

    Defendant.

---

| Brian T. Dailey (P39945) | Daniel P. Bock (P71246) |
|---|---|
| Rod M. Johnston (P80337) | Luanne Laemmerman (P64588) |
| Attorneys for Plaintiff | Assistant Attorneys General |
| Dailey Law Firm, P.C. | Attorneys for Defendant |
| 63 Kercheval Avenue, Suite 215 | Environment, Natural Resources, |
| Grosse Pointe, MI 48236 | and Agriculture Division |
| (313) 640-1111 | P.O. Box 30755 |
| briandailey@daileylawyers.com | Lansing, MI 48909 |
| rod@daileylawyers.com | (517) 335-7664 |
| | bockd@michigan.gov |
| | laemmermanl1@michigan.gov |

                                                                                                                                         /

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR STAY

                                                             Daniel P. Bock (P71246)
                                                             Luanne Laemmerman (P64588)
                                                             Assistant Attorneys General
                                                             Attorneys for Defendant
                                                             Environment, Natural Resources,
                                                             and Agriculture Division
                                                             P.O. Box 30755
                                                             Lansing, MI 48909
                                                             (517) 335-7664
                                                             bockd@michigan.gov
                                                             laemmermanl1@michigan.gov

Dated:  November 8, 2023

## CONCISE STATEMENT OF ISSUES PRESENTED

1. The incident that gave rise to this lawsuit has been investigated by the Michigan State Police, and is currently being reviewed by the Michigan Department of Attorney General to determine whether criminal charges will be brought against one or both parties. If criminal charges are brought, one or both parties may invoke their Fifth Amendment right against self-incrimination. Additionally, until such time as a charging decision is made, the parties have no access to police reports or other documents related to the criminal investigation. Should this matter be stayed pending a criminal charging decision?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:   *FTC v. EMA Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014)

   *Chao v. Fleming*, 498 F. Supp. 2d 1034 (W.D. Mich. 2007)

i

## STATEMENT OF FACTS

While the Parties disagree about many facts in this case, it is undisputed that there was an incident in Mecosta County on May 13, 2023 that led to Defendant Ryan Cox shooting Plaintiff Brandon Davis. It is undisputed that this matter was investigated by the Michigan State Police.[1] It is also undisputed that the matter was referred to the Michigan Department of Attorney General, which will ultimately decide whether to bring criminal charges.[2] Finally, it is undisputed that, while a charging decision is pending, no such decision has yet been made.

In the absence of a charging decision, the Parties have been unable to obtain police reports or other documents related to the criminal investigation. Counsel for Defendant was informed that, prior to a charging decision being made, such documents can only be obtained by filing a request under Michigan's Freedom of Information Act, and that any documents produced in response to such a request would be heavily redacted.

## ARGUMENT

**I.    This matter should be stayed pending resolution of criminal proceedings.**

This Court has previously held that "simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Chao v. Fleming*,

---

[1] Off-duty DNR officer shoots person while camping—mlive.com

[2] AG investigating shooting by off-duty DNR officer (msn.com)

1

498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007). While courts generally recognize that the case for a stay is strongest where an indictment has already been returned, and pre-indictment requests for stay are usually denied, "a stay should not be categorically denied solely because the defendant has not yet been indicted . . . . It is still possible to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation." *Id*. at 1038 (cleaned up; *citing* Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)).

This is exactly the case here. As noted above, it is undisputed that the Michigan State Police and the Michigan Department of Attorney General[3] are currently investigating the incident that gave rise to this matter. This investigation has been ongoing for nearly six months, and will likely result in a charging decision soon. In *Chao*, before any indictment was returned, this Court granted a 90-day stay of civil proceedings where, as here, "an indictment appear[ed] to be much more than some fanciful and far-off possibility and it [was] likely that any delay [would] not be substantial." *Id*. at 1040.

---

[3] The criminal investigation has been assigned to the Attorney General's Criminal Trials and Appeals Division, whereas Defendant's counsel in this matter belong to the Attorney General's Environment, Natural Resources, and Agriculture Division, which represents the Michigan Department of Natural Resources and its officers and employees. A conflict wall has been erected between the two Divisions of the Department of Attorney General such that there can be no communication of the merits of the criminal investigation or this case.

2

**A.     Standard of Review**

"While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Id.* at 1037 (citing *Landis v. No. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)). Rather, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (citing *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")).

In deciding whether to stay civil proceedings in light of parallel criminal proceedings, courts consider the following six factors:

1) The extent to which the issues in the criminal case overlap with those in the civil case;

2) The status of the case, including whether the defendant has been indicted;

3) The private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay;

4) The private interests of, and burdens on, the defendant;

5) The interest of the court; and

3

  6) The public interest.

*FTC*, 767 F.3d at 627.

  In addition to those factors, "district courts should 'consider the extent to which the defendant's fifth amendment rights are implicated.'" *Id.* (*quoting Keating*, 45 F.3d at 324).

  This Court has held that, of these factors, the most important is the extent to which the issues in the civil case overlap with those in the criminal case because "[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Chao*, 498 F. Supp. 2d at 1039.

  **B.**  **A stay is warranted in this case.**

  The seven factors set forth above militate strongly in favor of a stay in this case. The first and most important factor clearly militates in favor of a stay because there is direct and complete overlap of the relevant facts in the civil and potential criminal proceedings. This case is solely and entirely about the incident that occurred on May 13, 2023 which resulted in the Defendant shooting the Plaintiff. That incident is precisely the subject matter of the government's "active parallel criminal investigation." *Id.* at 1038.

  The second factor also militates in favor of a stay. While there has currently been no indictment returned, an indictment is not "some fanciful and far-off possibility" and it is likely that any delay "will not be substantial." *Id.* at 1040. It is undisputed that the Michigan State Police and Michigan Department of Attorney

4

General have been investigating this matter for nearly six months.  A charging decision, one way or the other, cannot be far off.

As to the third factor, the Plaintiff cannot credibly argue that he would be prejudiced by a reasonable delay to learn whether an indictment will be returned.  The Plaintiff himself stated in the Joint Status Report, filed with the Court on November 6, 2023, that he intends to amend his complaint to add a second defendant.  (11/6/23 Joint Status Report, ECF No. 19, PageID.77, ¶ 7 ("Plaintiff is likely to seek to amend the complaint to state a case against RCF whom Defendant in this pleading has identified as David Joseph Cox."[4]).)  A reasonable stay of proceedings pending a charging decision does not prejudice the Plaintiff where Plaintiff intends to amend the complaint and add a second defendant.  Additionally, the length of the investigation (nearly six months) indicates that a charging decision is likely to occur soon, so any delay would not be substantial.  And it is possible that the ongoing criminal investigation will yield charges against the Plaintiff, and that he may wish to avail himself of his Fifth Amendment rights.

The fourth factor strongly favors a stay.  The Defendant should not be compelled to proceed with civil litigation when a charging decision is pending.  The outcome of the criminal investigation will dictate whether the Defendant asserts his Fifth Amendment right.  Additionally, both parties will be prejudiced by having to litigate this case without access to police reports or other relevant information

---

[4] Plaintiff himself actually identified David Joseph Cox in his complaint (6/5/23 Compl., ECF No. 1, PageID.4, ¶¶ 17–18), and Defendant likewise identified David Joseph Cox in his answer (6/5/23 Answer, ECF No. 14, PageID.36, 40, 41).

related to the criminal investigation. In *Chao*, this Court noted that denial of a stay could have the effects of extending criminal discovery beyond the limits set forth in Fed. R. Civ. P. 16(b) and exposing the defendant's theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case. *Chao*, 498 F. Supp. 2d at 1037.

The fifth factor, the Court's interest, also favors a stay. As noted above, the simultaneous litigation of criminal charges and civil causes of action against the same person, for the same conduct, may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings. *Chao,* 498 F. Supp. 2d at 1037. "Those Fifth Amendment concerns, moreover, are not merely an issue for the defendant; the defendant's assertion of his Fifth Amendment rights may create complications and difficulties for the plaintiff and the court as well during the discovery process . . . . A stay of discovery in the civil action may also be necessary to protect an ongoing criminal investigation . . . . Accordingly, courts stay civil proceedings, or aspects thereof, in light of ongoing criminal prosecutions or investigation." *Doe v. Matthew 25, Inc.*, 322 F. Supp. 3d 843, 850 (M.D. Tenn. 2018) (internal citations omitted).

The sixth factor favors a stay because the public has an interest in the orderly adjudication of parallel civil and criminal proceedings in a manner that does not infringe on any party's constitutional rights. As noted above, parallel civil and criminal proceedings arising from the same facts would implicate the Fifth Amendment rights of potentially both parties, and could prejudice the criminal

6

prosecution. There is no harm to the public interest if a civil case is stayed pending resolution of criminal proceedings.

Finally, the seventh factor, the extent to which the Defendant's Fifth Amendment rights are implicated, militates strongly in favor of a stay. If criminal charges are brought against either Party, that would necessarily result in "simultaneous litigation of criminal charges and civil causes of action against the same person, for the same conduct" which "may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Doe*, 322 F. Supp. 3d at 850; *see also Chao*, 498 F. Supp. 2d at 1037.

In *Chao*, this Court ordered a pre-indictment stay of proceedings for 90 days, and required the defendant's counsel to provide status updates to the Court during that time, to allow an active criminal investigation to run its course and to prevent the parties from proceeding with civil litigation that could interfere with criminal proceedings. *Id.* at 1040–1041. A similar stay makes sense in this case, in light of the seven factors outlined above and this Court's precedent set forth in *Chao*. The Parties and the Court could revisit the matter once a charging decision has been made—if no indictment is returned, then there would be no impediment to proceeding with this case; if an indictment is returned against either Party (or both Parties), then the Court and the Parties could decide how to proceed based on the specific charges that are brought.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Defendant Ryan Cox respectfully requests that the Court order a stay of proceedings for 90 days, or until such time as a charging decision has been made by the Michigan Department of Attorney General.

Respectfully submitted,

/s/ *Daniel P. Bock*
Daniel P. Bock (P71246)
Luanne Laemmerman (P64588)
Assistant Attorneys General
Attorneys for Defendant
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
bockd@michigan.gov
laemmermanl1@michigan.gov

Dated:  November 8, 2023

LF:  Davis, Brandon (v Cox) (DNR) USDC-WD/AG #2023-0379956-A/Brief in Support of Motion for Stay 2023-11-08