UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DAVIS,

    Plaintiff,

v.

RYAN COX,

    Defendant.

_____/

Case No. 1:23-cv-576

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Renewed Motion for Stay of Proceedings (ECF No. 39) and Motion to Withdraw as Counsel (ECF No. 42), seeking to permit Assistant Attorneys General Daniel P. Bock and Luanne Laemmerman to withdraw as counsel of record for Defendant Ryan Cox. For the following reasons, the Court grants the motions.

**I**

Plaintiff Brandon Davis (Plaintiff) initiated this § 1983 case following the alleged May 13, 2023 shooting of Plaintiff by Defendant Michigan Department of Natural Resources Officer Ryan Cox (Defendant) at Merrill-Gorrel County Park Campground. Plaintiff alleged the following four claims:

    I.    42 U.S.C. § 1983—Violation of the Fourth and Fourteenth Amendments—Excessive Force

    II.    Gross Negligence

    III.    Assault & Battery

    IV.    Intentional Infliction of Emotional Distress

(ECF No. 1).[1]

While the Attorney General of Michigan's Criminal Trials and Appeal division was conducting a criminal investigation of Defendant's conduct, Defendant moved this Court for a stay until a charging decision was made (*see* ECF No. 22). The Court denied the motion without prejudice as to re-filing if an indictment against Defendant issued (ECF No. 30). On December 11, 2023, an Indictment against Defendant issued in the 77th District Court in Mecosta County, Michigan (ECF No. 40-1). Defendant filed his Renewed Motion for Stay on December 22, 2023. The same day, defense counsel filed the Motion to Withdraw as Counsel under this Court's Local Rule 2.5. *See* W.D. Mich. LGenR 2.5.

## II

"While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing *Landis v. No. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "However, simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Id.* "A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Id.*

Six factors guide the decision to stay proceedings:

1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

---

[1] Plaintiff titles his second, third, and fourth claims as "Count III," "Count IV," and "Count V."

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014).  The Court addresses each factor in turn.

*Overlap of Proceedings.*  This factor weighs in favor of a stay.  Defendant has presented sufficient information to conclude that the criminal and civil proceedings overlap.  "In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted."  *Chao*, 498 F. Supp. 2d at 1037.  Defendant has been charged in the criminal case regarding the same events that are at issue in the present case:  the shooting of Brandon Davis by Officer Ryan Cox in May 2023 (ECF No. 40-1).

*Case Status.*  This factor also weighs in favor of a stay.  Defendant has been indicted with respect to the allegations of Plaintiff.

*Private Interests of Plaintiff Weighed Against Prejudice to Plaintiff.*  This factor weighs slightly against a stay.  A stay will cause inevitable delay;  however, any prejudice will be minimal given that the evidence preserved from the criminal trial will reduce the need for discovery in this case.

*Private Interests of and Burden on Defendant.*  This factor weighs in favor of a stay.  Defendant's interests in a stay are strong, and the burden on him would be exceptional if he was required to proceed to discovery without protection.  The present case poses a threat to Defendant's Fifth Amendment rights, as requiring him to "choose between asserting [his] Fifth Amendment rights (thereby subjecting [himself] to the very real possibility of adverse inferences) and defending [himself] in this action imposes a substantial burden upon Defendant[.]"  *Chao*, 498 F. Supp. 2d at 1039.

3

*Court's Interest.* This factor weighs in favor of a stay. The Court finds that a stay of the civil proceedings "will further the interest in economical use of judicial time and resources." *E.M.A. Nationwide*, 767 F.3d at 628. The Court is also interested in assuring parties receive a fair trial.

*Public Interest.* This factor does not weigh in favor of either party. The public interest is furthered where individuals' injuries are remedied in a timely manner; however, the public interest is also furthered in assuring that litigants receive a fair trial on the merits and that Fifth Amendment rights are not impeded.

Having considered the relevant factors and determined that the majority of them weigh in favor of a stay, the Court finds that there is good cause to grant a stay.

II

Defense counsel, employed by the Michigan Department of Attorney General, filed their motion to withdraw as counsel claiming that the Attorney General's Office's continued representation of Defendant in this case violates Rule 1.7 of the Rules of Professional Conduct governing joint representation (ECF No. 43 at PageID.172). *See* Mich. R. Prof'l Cond. 1.7. Defense counsel argues that because the Attorney General now represents the People of the State of Michigan in the criminal case against Officer Cox, the two clients are directly adverse to one another, and counsel must withdraw to avoid a conflict of interest (ECF No. 43 at PageID.171, 173).

The Michigan Rules of Professional Conduct forbid any lawyer from representing a client "if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation." Mich. R. Prof'l Cond. 1.7(a).

4

Additionally, a lawyer may not represent a client "if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation." MICH. R. PROF'L COND. 1.7(b).

Neither of the requirements for representation of adverse clients is met here. In this case, Defendant has not consented to ongoing representation while the Department of Attorney General represents a client adverse to him in the criminal case (ECF No. 43 at PageID.173). On the contrary, the Department of the Attorney General conditioned its representation of Defendant on the agreement that counsel would withdraw if criminal charges were filed (*id.*). The Court also finds that withdrawal of counsel can be accomplished without material adverse effect on Defendant's interests in accordance with Michigan Rule of Professional Conduct 1.16(d). Therefore, the Court finds that withdrawal of counsel is appropriate. Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Stay of Proceedings (ECF No. 39) is GRANTED.

**IT IS FURTHER ORDERED** that this matter is STAYED and ADMINISTRATIVELY CLOSED pending resolution of the criminal proceedings against Defendant or for six months from the date of this Order, whichever occurs first. This closing is for administrative purposes only and does not constitute a decision on the merits.

**IT IS FURTHER ORDERED** that every sixty days from the date of this Order during the period of stay, Defendant shall advise the Court in writing of the status of the criminal matter.

**IT IS FURTHER ORDERED** that, upon a plea or jury verdict in the criminal case, the parties shall immediately file a Joint Notice regarding the change in status of the criminal matter and setting forth the parties' position(s) as to whether further proceedings in the instant matter are

necessary, including whether either side moves to reopen this action.  Any such motion to reopen need only refer to this Order and it will be granted.

**IT IS FURTHER ORDERED** that the Motion to Withdraw as Counsel (ECF No. 42) is GRANTED.  Assistant Attorneys General Daniel P. Bock and Luanne Laemmerman are withdrawn as counsel of record for Defendant Ryan Cox.

**IT IS FURTHER ORDERED** that withdrawing counsel shall immediately serve a copy of this Order on Defendant Ryan Cox and file such proof of service, including the last known address and telephone number for Defendant Ryan Cox.

**IT IS FURTHER ORDERED** that Defendant Ryan Cox has until February 1, 2024 to either secure counsel and for new counsel to file an appearance, or to file a notice indicating that he intends to proceed *pro se*.  In accordance with W.D. Mich. LCivR 5.7(e)(ii), any such notice must contain Defendant Ryan Cox's manuscript signature.

**IT IS FURTHER ORDERED** that the January 5, 2024 Rule 16 scheduling conference and deadline to file a joint status report are ADJOURNED without date.

Dated:  January 3, 2024                              /s/ Jane M. Beckering
                                                                                         JANE M. BECKERING
                                                                                         United States District Judge